Of Counsel
Hyslip & Taylor LLC LPA
Arturo E. Matthews, Jr. Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
Phone:  310-556-9620
aem@matthewsfirm.net
Cal. Bar. No. 145232

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheryl Finch,<br><br>Plaintiff,<br><br>v.<br><br>Federal Bond and Collection Service, Inc. dba FBCS, Inc. and LiveVox Inc.<br><br>Defendant. | Case No. 3:14-cv-02898<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## **PARTIES**

1. Plaintiff, Sheryl Finch, ("Sheryl"), is a natural person who resided in Redding, California, at all times relevant to this action.

2. Defendant, Federal Bond and Collection Service, Inc. dba FBCS, Inc., ("FBCS"), is a Pennsylvania Corporation that maintained its principal place of business in Hatboro, Pennsylvania, at all times relevant to this action.

3. Defendant LiveVox, Inc. is a Delaware corporation with a principal place of business in San Francisco, CA.

Complaint - 1

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. 47 U.S.C. § 227. The Court has supplemental jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), Civil Code sections 1788, et seq.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because events giving rise to this claim occurred in this District because LiveVox Inc. (LiveVox) is located in San Francisco.

## INTRA-DISTRICT ASSIGNMENT

6. The case should be assigned to San Francisco because Defendant LiveVox, Inc. is based in San Francisco, CA.

## STATEMENT OF FACTS

7. FBCS uses LiveVox predictive dialers. See https://www.fbcs-inc.com/?page_id=42

8. FBCS uses a predictive dialer system. *Id.*

9. The LiveVox system makes calls for FBCS using and automatic telephone dialing system and is based in San Francisco, Ca.

10. FBCS has selected LiveVox predictive dialers, which each offer a wealth of features to execute efficient calling campaigns including a centrally managed web-based systemCan service campaigns. *Id.*

11. Before FBCS began contacting Sheryl, it and Sheryl had no prior business relationship and Sheryl had never provided express consent to FBCS to be contacted on her cellular telephone.

12. FBCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

13. FBCS regularly uses instrumentalities of interstate commerce such as phones to collect consumer debts owed or due or asserted to be owed or due another.

14. The principal source of FBCS revenue is debt collection.

15. FBCS and LiveVox are "debt collectors" as defined by 15 U.S.C. §1692a(6).

16. As described, *infra*, FBCS and LiveVox contacted Sheryl to collect a debt that was incurred primarily for personal, family, or household purposes.

17. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Sheryl is a "consumer" as defined by 15 U.S.C. §1692a(3).

19. On several occasions, the dates of which will be discovered through discovery, FBCS and LiveVox willingly and knowingly used an automatic telephone dialing system to call Sheryl on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

20. A few years ago, FBCS and LiveVox began calling Sheryl's cellular phone in an attempt to reach Daniel Moore.

21. Sheryl is not Daniel Moore nor does Sheryl know anyone by the name of Daniel Moore.

22. During the initial communication, Sheryl informed FBCS she was not Daniel Moore nor could Daniel Moore be reached by calling Sheryl's cellular phone. Additionally, Sheryl requested FBCS cease further calls to Sheryl's cellular phone.

23. Despite Sheryl informing FBCS that Daniel Moore could not be reached at Sheryl's cellular phone number, FBCS and LiveVox continued to call Sheryl on her cellular phone on numerous occasions, until most recently in November 2013.

24. During each communication, Sheryl requested FBCS cease further calls to Sheryl's cellular phone.

25. FBCS and LiveVox violated the FDCPA because it called Sheryl several times, she demanded the calls to cease, and the calls did not cease. See *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117 (D. Nev. 2008).

26. FBCS violated the TCPA and FDCPA.

27. FBCS caused Sheryl mental anguish and emotional distress.

### COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

### COUNT TWO

**Violation of the Rosenthal Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692d.

### COUNT THREE

**Violations of the Telephone Consumer Protection Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendants willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Damages under the Rosenthal Act;

   c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By:  /s/ Art Matthews
One of Plaintiff's Attorneys

Of Counsel
Hyslip & Taylor LLC LPA
Arturo E. Matthews, Jr. Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
Phone:  310-556-9620
aem@matthewsfirm.net
Cal. Bar. No. 145232